James H. HIGGASON, Jr., Petitioner,

v.

Jack R. DUCKWORTH, Warden, and Indiana Parole Board, Respondents.

No. S83-270.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 1, 1983.

Joseph M. Kalady, Lay Advocate, Michigan City, Ind., for petitioner.

James H. Higgason, Jr., pro se.

David A. Arthur, Deputy Ind. Atty Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Both sides having carefully briefed their respective positions,[1] this matter is now ripe for ruling.

Petitioner James Higgason, Jr. is confined at the Indiana State Prison, of which Respondent Jack R. Duckworth is the Superintendent. Petitioner alleges that he was denied release on parole by the Respondent Parole Board in violation of his right to due process in that the Board did not give him proper reasons for denial of release. A hearing was held after which petitioner was denied parole due to "the seriousness of offense and best interests of society."

Petitioner does not allege that the issue raised here has ever been presented to the Indiana state courts in any manner. Petitioner does not allege that he has appealed any adverse decision to the appellate courts in the State of Indiana. The only reference to any post-conviction proceeding pertains to an alleged lack of factual basis for petitioner's guilty plea, a matter that is not sought to be raised in this petition. It is

---

1. Although petitioner is technically proceeding without benefit of legal counsel, it should be noted that he is very ably represented herein by a fellow inmate and lay advocate, Joseph M. Kalady. Mr. Kalady has appeared before this court in a similar capacity on numerous occa- sions in the past, and is well versed in the area of prisoner litigation. It is this court's understanding that Mr. Kalady holds a Master's degree from DePaul University and, prior to his incarceration, worked for two Chicago Loop law firms.

required that the petitioner in a proceeding pursuant to 28 U.S.C. § 2254 first have presented the issue in the petition to the state courts, unless there is an absence of available state remedies. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Perry v. Fairman*, 702 F.2d 119 (7th Cir.1983). In the State of Indiana the precise question that petitioner seeks to raise in his petition in this court has been considered by the Supreme Court of Indiana on more than one occasion. *See, Murphy v. Indiana Parole Board*, Ind., 397 N.E.2d 259 (1979); *Young v. Duckworth*, 271 Ind. 554, 394 N.E.2d 123 (1979). There being an available state corrective process apparent from these authorities, petitioner would be required to present his issue under this state process prior to presentation of the issue to this court. *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

However, there is considerable question whether this action should even have been filed as a petition for writ of habeas corpus, i.e., whether a civil rights action under 42 U.S.C. § 1983 would have been more appropriate. It would appear that the more correct form of action is a civil rights complaint under § 1983, as the relief that this court could afford would be an injunction for a new hearing, if the petitioner were entitled to any relief. There being no requirement of exhaustion in civil rights actions, the failure to have raised the issue in the State courts would not preclude consideration of the issue by the court. Therefore, the merits of the claims must be considered.

■ The precise issue raised by the petitioner in this case has already been addressed and determined by the United States Court of Appeals for the Seventh Circuit in a case arising not only out of the State of Indiana but also out of the same institution in which petitioner is incarcerated. *Averhart v. Tutsie*, 618 F.2d 479 (7th Cir.1980). Following the then recent decision of the Supreme Court of the United States in *Greenholtz v. Inmates of Nebras-*

*ka Penal Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Seventh Circuit held in *Averhart* that a denial of parole in the State of Indiana based upon the "seriousness of the offense" was not prohibited by the Due Process Clause of the Constitution of the United States. *Averhart, supra*, at 482 and 484–84. The Seventh Circuit did not consider whether "best interests of society" constituted a permissible reason for the denial of parole. However, petitioner was denied release for two reasons. Since the one reason has been upheld, it is not necessary to determine the constitutional validity of the alternative ground. In any event, the "best interests of society" is the underlying concern of the Parole Board in any parole release determination. Since there is no protected interest or "entitlement" to parole, there can be no violation of due process in using "best interest of society" as a reason for denying release on parole. The Due Process Clause simply does not come into play in parole release determinations in the State of Indiana.

■ Although *Averhart* was decided prior to October 1, 1980 and hence the effective date of Ind.Code §§ 11–9–1 and 11–13–3, it remains the controlling authority. The "new" corrections code effective October 1980 does not contain any "shall ... unless" language that is required before state law raises an entitlement or justifiable expectation of release on parole. The new provisions in Title 11 of the Indiana Code are more procedural than substantive, and in no way can be read to create an expectation of release on parole. The "new" corrections code specifically provides that all prior rules of the Board shall continue in effect. Ind.Code § 11–9–1–4. Those rules provide and provided that release on parole will be ordered if and only if the Board determines that the offender under consideration is able and willing to be a law-abiding citizen and only if the Board determines that release on parole is in the best interest of society. 210 I.A.C. 1.1–2–3(j). This language tracks the language in the parole statutes considered in *Averhart* and cannot

be considered to raise an expectation of parole.

Petitioner has failed to raise a constitutionally cognizable claim with respect to the denial of release on parole. Therefore, whether the petition herein is considered as a petition pursuant to 28 U.S.C. § 2254 or as a complaint pursuant to 42 U.S.C. § 1983, the claims here are DISMISSED.

SO ORDERED.