876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. HOWARD, Plaintiff-Appellant,
v.
Helan HUGHES, Parole Board Members; Dr. John Runda,
Chairman; Parole Board Members; Wallace
Wilkinson, Governor, Defendants-Appellees.
 No. 88-6353.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles E. Howard appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 in which he alleged: (1) that the state parole board found him guilty of rape, and (2) that not all parole board members attended his parole hearing. The magistrate recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted under Sec. 1983. The district court adopted the magistrate's recommendation over Howard's objections.
 
 
 3
 Upon consideration, we conclude that plaintiff's complaint was properly dismissed. Generally, a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). First, members of state parole boards have been found to enjoy absolute immunity from suit for damages under Sec. 1983. See Farrish v. Mississippi State Parole Bd., 836 F.2d 969, 973-74 (5th Cir.1988). Second, there is no constitutional or inherent right to parole, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979), and plaintiff has cited no deprivation of a liberty interest created under state law. It is apparent from plaintiff's complaint that three members of the parole board needed to constitute a quorum attended plaintiff's parole hearing. See Ky.Rev.Stat.Ann. Sec. 439.320(5) (Michie/Bobbs-Merrill 1985) (current version at Sec. 439.320(4)(a) (Supp.1988)). Thus, the district court correctly concluded that plaintiff alleged no deprivation of constitutional proportion cognizable under Sec. 1983.
 
 
 4
 Therefore, the judgment of the district court is affirmed Rule 9(b)(5), Rules of the Sixth Circuit.