932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick JANISKEE, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Sherry Burt, Acting
Warden, ITF, Steven Frisbey, Assistant Deputy
Warden, ITF, Jayne Price, Resident Unit
Manager, DCF, Defendants-Appellees.
 No. 91-1103.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1991.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Frederick Janiskee, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Janiskee was the subject of a lateral transfer from the Ionia (Michigan) Correctional Facility (ICF) to the Dunes (Michigan) Correctional Facility (DCF) on November 2, 1989. The transfer involved no change in Janiskee's security classification. He was transferred because the officials at ICF, based on complaints and requests for protection from other prisoners, believed that Janiskee was part of a group of prisoners involved in extortion-related activities at ICF. This information was placed in Janiskee's file prior to his transfer.
 
 
 4
 Janiskee sued the Michigan Department of Corrections and certain of its officials, alleging that he was transferred from ICF to DCF on the basis of incorrect information and in violation of his due process rights under the fourteenth amendment. He asked that the information be expunged from his file because it could be used to deny him early parole.
 
 
 5
 The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief could be granted. In his timely appeal, Janiskee asserts that the Michigan parole board impermissibly relied on the challenged information to deny him early parole in violation of state regulations. He seeks a new parole hearing. In addition, he requests the appointment of counsel.
 
 
 6
 Upon review, we conclude that the district court's judgment should be affirmed. First, Janiskee's transfer from ICF to DCF did not deprive him of any constitutionally protected right. There is no inherent constitutional right to placement in any particular prison in the state. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Further, Janiskee was not denied due process by the placement of the unfavorable information in his file. No inherent constitutional right to parole exists. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). The applicable Michigan statute, Mich.Comp. Laws Sec. 791.233, does not create a protected liberty interest in parole, because the statute does not place substantive limitations on the discretion of the parole board through the use of particularized standards which mandate a particular result if the substantive predicate is met. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989); Olim, 461 U.S. at 249. Finally, Janiskee's claim that the Michigan Board of Parole impermissibly relied on the challenged information in his file to deny him parole is not properly before this court in this appeal, because Janiskee did not raise this issue before the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation