Justice White,
with whom Justice Blackmun joins,
dissenting.
The issue in this case is whether the Ex Post Facto Clause of the Constitution, Art. I, § 9, cl. 3, is violated when a newly modified state parole regulation is applied to a prisoner who began serving his sentence prior to the rule change.
Petitioner pleaded guilty to the 1976 kidnap, sexual abuse, and murder of a young girl; he was sentenced to three concurrent jail terms, the longest of which was 40 years. In 1981, the Minnesota Corrections Board determined that, because of the severity of petitioner’s crimes, the target date for his release should be the expiration of his sentence. In a letter to petitioner, the board stated that it would “not consider any form of release prior to the expiration of your sentence unless psychiatric, psychological, and correctional staff can certify that you are no longer a danger to the public in general and/or young females specifically.”
A year later, the Minnesota Legislature abolished the corrections board and transferred parole responsibility to the commis *953 sioner of corrections. Minn. Stat. §243.05 (1990). The commissioner enacted new parole regulations, including a rule that “[a]ll release dates established by the Minnesota corrections board will be left in full force and effect by the commissioner.” 3 Minn. Rule §2940.1500, subp. 2 (1991). Petitioner was informed that this new regulation effectively froze his release date.
Petitioner filed this civil rights action under Rev. Stat. § 1979, 42 U. S. C. § 1983, asserting that application of the new parole regulation to his case violated the Ex Post Facto Clause. The United States District Court for the District of Minnesota entered summary judgment for respondents. A divided panel of the Court of Appeals for the Eighth Circuit affirmed, holding that “the Minnesota parole regulations are not ‘laws’ for ex post facto purposes ... .” Bailey v. Gardebring, 940 F. 2d 1150, 1157 (1991). The court, again divided, denied rehearing en banc.
The judgment of the Court of Appeals conflicts with decisions of other Courts of Appeals, which have held that application of changed state parole regulations may pose ex post facto problems. See, e. g., Akins v. Snow, 922 F. 2d 1558 (CA11), cert. denied, 501 U. S. 1260 (1991); Royster v. Fauver, 775 F. 2d 527 (CA3 1985). Because the issue is likely to arise frequently, I would grant certiorari to resolve the disagreement.