Jose CANALES, Plaintiff,

v.

Gary GABRY, Defendant.

Civ. A. No. 93 CV 73203 DT.

United States District Court,
E.D. Michigan, S.D.

Feb. 24, 1994.

Jose Canales, pro se.

Christine M. Campbell, Asst. Atty. Gen., Corrections Div., Lansing, MI, for defendant.

## ORDER

GILMORE, District Judge.

The Court has reviewed the file, Magistrate Judge Virginia M. Morgan's Report and Recommendation, and Plaintiff's Objections submitted in the above captioned matter.

The Report and Recommendation regarding Defendants' Motion to Dismiss is hereby accepted and entered as the findings and conclusions of the Court:

Now, therefore, **IT IS ORDERED** that Magistrate Judge Morgan's Report and Recommendation be, and the same hereby is, **ADOPTED,** and that Defendants' Motion to Dismiss be, and the same hereby is, **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Complaint be, and the same hereby is, **DISMISSED.**

## *REPORT AND RECOMMENDATION*

MORGAN, United States Magistrate Judge.

This matter is before the court on defendant's Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) and request for judgment as a matter of law. The sole defendant is Gary Gabry, Chairman of the Michigan Parole Board. Pursuant to an earlier order of partial dismissal, the claim against defendant is allowed only in his official capacity.

Plaintiff, Jose Canales, is a prisoner incarcerated at the Saginaw Regional Correctional Facility, Saginaw, Michigan. Plaintiff was sentenced to "parolable" life imprisonment

for First Degree Criminal Sexual Conduct, September 14, 1978. Plaintiff filed this *pro se, in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 alleging that the parole board violated his constitutional rights by extending the time between parole reviews. Plaintiff asks for injunctive relief, declaratory judgment, and costs.

For the reasons stated in this Report, it is recommended that defendant's motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) be granted.

## STANDARD OF REVIEW

■■■■ Defendant contends that plaintiff's *pro se* complaint fails to state claims upon which relief can be granted. In reviewing the dismissal of a complaint under Fed. R.Civ.P. 12(b)(6), the court must construe the complaint liberally in plaintiff's favor · and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). Dismissals of complaints under the civil rights statutes are scrutinized with special care, *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir.1985), and *pro se* complaints are held to "less stringent standards" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, it is not the role of the court to guess the nature of the claim(s) asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

In this case, none of the facts are in dispute. The issue is whether application of legislative amendments to parole procedures to plaintiff violates the *ex post facto* clause of the U.S. Constitution.

## BACKGROUND OF THE CASE

Plaintiff was sentenced in 1978 for a crime other than first degree murder or drugs. At that time, M.C.L.A. § 791.234 provides for eligibility for parole consideration after 10 years, for prisoners serving a minimum term and prisoners like plaintiff who were serving "parolable" life sentences. Release of eligible inmates was strictly at the initiative of the parole board. M.C.L.A. § 791.235 provided for the parole board to bring an inmate before it at least one month "prior to the expiration of the minimum term, less good time" for review.

Plaintiff alleges that it was the policy of the defendant to set a new hearing date, "to be no more than 12 months from the minimum eligibility date or previous passover date." R791.7710(2)(c).

In 1982, the law was amended. The new law provided for an interview with one parole board member after four years imprisonment and then biennially thereafter until the prisoner was paroled, discharged, or deceased. However, he had no possibility of parole until after service of 10 calendar years of the sentence.

Plaintiff was interviewed March 15, 1984, by one member of the Board. Plaintiff contends he should have been interviewed by a quorum. Plaintiff was reinterviewed February 23, 1988, by one member, and December 4, 1990, by one member.

On September 22, 1992, M.C.L.A. § 791.-234 was again amended. It provided for prisoners serving "parolable" life sentences who were sentenced for a crime committed before October 1, 1992, to be eligible for parole after 10 years. However, persons sentenced for crimes committed after October 1, 1992, were not eligible for parole until service of 15 years. The new amendments further provided that one member of the parole board shall interview the inmate at the conclusion of 10 calendar years, and then every 5 years thereafter. The interview schedule applied to all "parolable," non-drug, prisoners regardless of their sentencing date.

Plaintiff was advised of his next interview date of December, 1995.

## ANALYSIS

■■■ In any Section 1983 action, the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether

this conduct deprived the person of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Jones v. Duncan*, 840 F.2d 359, 361–62 (6th Cir.1988). Absent either element, a Section 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991), (citing *Jones, supra* ).

Plaintiff claims that state created parole procedures enacted after his incarceration and which increase the time between parole hearings violates substantive due process and the *ex post facto* clause of the United States Constitution.

Several of defendant's arguments are unnecessary in light of the court's previous Order of Partial Dismissal. Plaintiff is not seeking money damages, and defendant would be immune from these and from costs, which plaintiff does seek. See, *Butz v. Economou*, 438 U.S. 478, 511, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978). Parole board members acting in their adjudicatory role have routinely been held entitled to absolute immunity from damages. See, *Murray v. Miller*, 891 F.2d 291 (6th Cir.1989), 1989 WL 149987, 1989 U.S.App. LEXIS 18799; *Howard v. Hughes*, 876 F.2d 894 (6th Cir.1989), 1989 WL 63330, 1989 U.S.App. LEXIS 8514 (Unpublished opinions holding that parole board members performing adjudicatory duties are absolutely immune from suits for damages under § 1983.). However, defendant in his individual capacity was already dismissed.

Defendant also submits that he is immune from suit according to *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1983). Under that case, only where it can be shown that the state officer was acting ultra vires, that is, without any authority whatsoever or with a lack of delegated power, can the claim be pursued. Defendant claims that he was not acting ultra vires and the suit may not be predicated on state statutes which command discretionary duties. Defendant argues that the parole board statutes at issue grant parole board members broad discretion.

However, plaintiff is not claiming that defendant acted improperly under the current statute. The claim is that the statute itself violates the Constitution, and if so, then it cannot serve as a proper basis under which to delegate power to defendant. Whether the application of this law violates the *ex post facto* clause is the exact issue determined to remain by the court's order of partial dismissal.

## VIOLATION OF EX POST FACTO CLAUSE

Plaintiff's claim is that his due process rights have been violated because the frequency of his hearings has increased his punishment. (Complaint at 9) Plaintiff alleges both a substantive due process claim (violation of ex post facto clause) and a procedural due process claim (no fair warning). (Complaint at 24(c))

■ To the extent that plaintiff has alleged a procedural due process claim, it must fail. The issue of due process rights in the context of parole decisions was addressed by the Supreme Court in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). In that case, inmates had brought an action against the State Board of Parole alleging due process violations in the Board's consideration of the inmates' suitability for parole. The Court held that there was no federally protected right of a convicted individual to be conditionally released before the expiration of a valid sentence. *Id.* at 7, 99 S.Ct. at 2104.

The Court distinguished *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, where it had held that a parole revocation hearing must meet certain due process standards, noting that "parole release and parole revocation are quite different. There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Id.* at 9, 99 S.Ct. at 2105. The Court also noted the differences in the nature of the decisions, one being a retrospective factual question in revocation and the other a prospective "discretionary assess-

ment of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than singly what he has done." *Id.* at 9, 99 S.Ct. at 2105.

■ The Court held that a possibility of parole is no more than a mere hope and that such hope is not protected by due process, citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 and *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451. Even to the extent that a state statute may create a "protectible expectation of parole," no more procedural due process is constitutionally required than the opportunity to be heard, and when parole is denied, informing the inmate in what respects he falls short of qualifying for parole. In the instant case, the parole board has discretion to grant parole, therefore plaintiff does not have a protected liberty interest. *See,* MCLA 791.234(5), 791.-235(1); *Mayberry v. Hudson*, No. 92–2358, 1993 WL 147575 at 1, 1193 U.S.App. Lexis 11248 at *1 (6th Cir. May 5, 1993); *Watson v. Michigan Dept. of Corrections*, No. 88–1699, slip op. at 2, 1989 WL 11064 (6th Cir. Feb. 3, 1989); *People v. Moore*, 164 Mich.App. 378, 417 N.W.2d 508, 512 (1987).

■ Plaintiff's contention that his substantive due process rights are violated by application of the new parole guidelines is another way to state a claim for violation the *ex post facto* clause of article 1, section 9 of the United States Constitution. (Complaint at 7–8) In *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798) the Supreme Court stated that the *ex post facto* clause includes "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Id.* at 390. To fall within the *ex post facto* clause the law must be retrospective and it must disadvantage the offender affected by it. *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

■ In *Collins*, the Court concluded that the *ex post facto* clause prohibits legislatures from retroactively altering the definitions of

crimes or increasing punishment for criminal acts. 497 U.S. at 41, 110 S.Ct. at 2719. The clause only applies to penal statutes. 497 U.S. at 41, n. 2, 110 S.Ct. at 2719, n. 2. Parole statutes are not penal laws, and plaintiff's punishment, life in prison, has not been increased. While recognizing that the application to only penal laws may not be evaded by a legislature's labeling a law procedural, the Chief Justice, writing for the Court, clarified the references in the Court's previous decision. "Substantial protections" and "personal rights" should not be read to adopt an undefined enlargement of the *ex post facto* clause. See discussion, 497 U.S. at 45, 110 S.Ct. at 2721. The Court in *Collins* held the Texas law allowing reformation of improper verdicts, passed after plaintiff's conviction, did not violate the *ex post facto* clause and its application to respondent was thus not prohibited. 497 U.S. at 51, 110 S.Ct. at 2724.

In the instant case, plaintiff was convicted and sentenced under M.C.L.A. § 750.520. This law provided that plaintiff could be sentenced up to life in prison as punishment. Plaintiff received the maximum sentence. This penal law has not been changed nor any similar penal law been retroactively applied to him.[1] Neither has the time period which must be served before eligibility for parole been changed. Plaintiff is and always has been eligible for parole after 10 calendar years. Plaintiff's claim that he should be reviewed for parole more frequently does not allege that his *punishment* has increased.

Some circuits have looked to whether the extended time periods between interviews violate the *ex post facto* clause because they "disadvantage" the plaintiff. Although the Latin phrase "*ex post facto*" literally encompasses any law passed "after the fact," it has long been recognized that the constitutional prohibition on *ex post facto* law applies to penal statutes which disadvantage the offender. *Collins, supra,* 497 U.S. at 39, 110 S.Ct. at 2718. However, mere procedural change in a law does not preclude it from coverage of the *ex post facto* clause. *Id.* at 57, 110 S.Ct. at 2727.

---

1. For instance, if in 1992, the legislature amended the law to eliminate parole for first degree criminal sexual conduct, and sought to apply it to plaintiff, such application would violate the *ex post facto* clause.

The Eight Circuit Court of Appeals recently addressed a claim very similar to plaintiff's. It found that state administrative rules changing the frequency of parole hearings was not a "law" subject to the *ex post facto* clause. *Bailey v. Gardebring*, 940 F.2d 1150 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992). The court found that the regulations were procedural aids to the body vested with discretionary authority granted by the state legislature. Michigan parole procedures are the same. The Eighth Circuit noted that the majority of circuits agreed with such a conclusion. See, 940 F.2d at 1157.

However, *Roller v. Cavanaugh*, 984 F.2d 120 (4th Cir.1993), *petition for cert. dismissed*, —— U.S. ——, 114 S.Ct. 593, 126 L.Ed.2d 409 (1993) is to the contrary, finding that increases in time between parole hearings violates the *ex post facto* clause.[2] That case relied on several circuit court cases decided before *Collins v. Youngblood, supra,* and only referenced the case in the opinion in a footnote. 984 F.2d at 123, n. 4. In *Adkins v. Snow*, 922 F.2d 1558 (11th Cir.1991), the court found that parole review times were subject to the ex post facto clause, but failed to discuss or even mention *Collins v. Youngblood.* That case is distinguishable on its facts because there an inmate required a hearing before parole. In Michigan, no hearing is necessary before parole. (Defendant's Brief, p. 15)

This circuit has not ruled. However, it should be noted that the 20–year old class action case dealing with parole procedures, *Sweeton v. Brown*, Nos. 90–1800, 90–1807, 1991 WL 181751, 1991 U.S.App. LEXIS 22211, (6th Cir.1991), applies to all inmates regardless of sentencing date. The court held that there was no federal constitutional violation in Michigan parole procedures, but affirmed a consent judgment which modified timing of parole hearings for all inmates awaiting parole without regard to the date of their original sentence. Arguably, plaintiff's claim is subsumed within that class action

and consent judgment, and could be dismissed on that ground.

The Sixth Circuit Court of Appeals has held that *federal* parole guidelines are not "laws" within the meaning of the *ex post facto* clause where those guidelines are discretionary. *See, Ruip v. United States*, 555 F.2d 1331, 1335–1336 (6th Cir.1977); *Tanceusz v. United States*, No. 86–2184, 1987 WL 38177, 1987 U.S.App. Lexis 13741 (6th Cir. Oct. 13, 1987). In the instant case, parole, under state law, is discretionary and plaintiff remains eligible for parole despite any changes in administrative procedures in the frequency of his hearings. (Defendant's Brief at 11–13). As such, the better view seems to be that the Michigan Administrative Rules governing parole hearing frequency are not "laws" within the meaning of the *ex post facto* clause and plaintiff's claim should be dismissed.

Accordingly, it is recommended that defendant's motion to dismiss be granted.

■ The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir.1991). Filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991). Pursuant to E.D.Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The

---

**2.** In that case, the Supreme Court granted certiorari and heard oral arguments on November 8, 1993. On November 30, 1993, the Court removed the case from its docket without explanation. See, 54 Cr.L. 2005, 12/8/93.

response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.