184 F.3d 1053 (9th Cir. 1999)
 DALE A. GLAUNER, Plaintiff-Appellant,
v.
GOVERNOR ROBERT J. MILLER, Defendant,
and
GEORGE S. GRIGAS; DR. MOULDE; DR. NEIGHBORS; COMMISSIONER ALLEN; COMMISSIONER
DENISON; COMMISSIONER DUNFIELD; COMMISSIONER HARRIS; COMMISSIONER SCOTT; COMMISSIONER SEILER; COMMISSIONER ZIOLA, Defendants-Appellees.
 No. 98-15543
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted July 9, 1999[1]
Filed July 27, 1999
 
 COUNSEL: Dale A. Glauner, Pro Se, Carson City, Nevada, plaintiff-appellant.
 Cynthia Pyzel; Joe Ward, Jr., Assistant Attorney General, Carson City, Nevada, for the defendants-appellees.
 Appeal from the United States District Court for the District of Nevada, Edward C. Reed, Jr., District Judge, Presiding. D.C. No. CV-97-00179-ECR.
 Before: Eugene A. Wright, J. Clifford Wallace and Otto R. Skopil, Jr., Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dale Glauner appeals from the district court's Rule 12(b)(6) judgment of dismissal of his 42 U.S.C.S 1983 action. He asserts that Nevada Revised StatutesS 213.1214,[2] which requires a panel to certify that certain sexual offenders are not a "menace to the health, safety or morals of others" prior to parole eligibility, is facially unconstitutional. We have jurisdiction under 28 U.S.C. S 1291. We review de novo the constitutionality of a state statute, and we affirm. See Crawford v. Lungren, 96 F.3d 380, 384 (9th Cir. 1996) (providing for de novo review).
 
 
 2
 Glauner is a Nevada state prisoner, serving time for his conviction for certain sexual offenses. Under S 213.1214, a pre-parole hearing panel must certify that he is "not a menace to the health, safety or morals of others" before he is eligible for parole:
 
 
 3
 1. The board shall not release on parole a prisoner convicted of [certain enumerated sexual offenses] unless a panel consisting of:
 
 
 4
 (a) The administrator of the mental hygiene and mental retardation division of the department of human resources or his designee;
 
 
 5
 (b) The director of the department of prisons or his designee; and
 
 
 6
 (c) A psychologist licensed to practice in this state or a psychiatrist licensed to practice medicine in this state, certifies that the prisoner was under observation while confined in an institution of the department of prisons and is not a menace to the health, safety or morals of others.
 
 
 7
 . . . .
 
 
 8
 3. The panel may revoke the certification . . . at any time.
 
 
 9
 4. This section does not create a right in any prisoner to be certified or continue to be certified and no prisoner may bring a cause of action against the state . . . for not certifying or refusing to place a prisoner before a panel for certification pursuant to this section.
 
 
 10
 Nev. Rev. Stat. S 213.1214 (1999).
 
 
 11
 Glauner raises two facial challenges to S 213.1214: (1) it distinguishes between sexual offenders and other criminal offenders in violation of his right to equal protection and (2) the phrase "menace to the health, safety or morals of others" is void for vagueness in violation of his right to due process.
 
 I. Equal Protection
 
 12
 Glauner asserts that S 213.1214 violates his right to equal protection because it requires panel certification for only certain sexual offenders. We review under the rational basis test because prisoners are not a suspect class and there is no fundamental constitutional right to parole. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989) (stating that prisoners are not a suspect class and "parole consideration is not a fundamental right requiring a higher level of scrutiny"). It cannot be said that the Nevada legislature lacked a rational basis for requiring more scrutiny of sexual offenders in parole matters than other classes of criminals due to heightened recidivism concerns. See Heller v. Doe, 509 U.S. 312, 320 (1993) (applying the rational basis test).
 
 II. Due Process
 
 13
 Glauner also asserts that S 213.1214 is unconstitutionally vague.His argument would have force if Nevada made it a crime to be a "menace to the health, safety or morals of others." See City of Chicago v. Morales, 119 S. Ct. 1849, 1859 (1999) (" `It is established that a[criminal] law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits . . . .' ") (citation omitted). Section 213.1214, however, is not penal, nor is it intended to police a citizen's behavior. See Kolender v. Lawson, 461 U.S. 352, 357 (1983) (analyzing the vagueness doctrine). It instead provides an evaluation standard for the pre-parole hearing panel to follow, requiring it to consider relevant evidence regarding whether a prisoner suffers from a sexual deviancy that may cause recidivism.
 
 
 14
 The "menace to the health, safety or morals of others" standard in S 213.1214 is no broader than the state standards for parole eligibility discussed by the Supreme Court in Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979) and Board of Pardons v. Allen, 482 U.S. 369 (1987). See, e.g., Jordan v. De George, 341 U.S. 223, 230-31 & n.15 (1951) (discussing the historical use of statutory terms). The primary parole criterion of the parole statutes addressed by the Court in those cases was that the release not be detrimental to the community. See Allen, 482 U.S. at 380 (summarizing the statutes). In Allen, the Court did not disapprove of that standard, but instead recognized that a parole board has "broad discretion" to determine whether the "necessary [statutory] prerequisites exist." Id. at 376.
 
 
 15
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument, and therefore denies Glauner's motion for oral argument. See Fed. R. App. P. 34(a)(2).
 
 
 [2]
 Glauner actually challenges the certification standard in SS 200.375 and 201.230(2). The certification standard found in those sections, however, was recodified in 1987 at S 213.214. The standard did not change.