**Robert LEE, Jr., Petitioner,**

v.

**Pamela WITHROW,[1] Respondent.**

**No. 99–CV–70065–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 19, 1999.

---

**1.** When petitioner originally filed his petition he was incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan and therefore the respondent was Warden Bruce Curtis. During the pendency of this litigation, petitioner was transferred to the Michigan Reformatory in Ionia, Michigan and Warden Pamela Withrow was substituted as respondent.

Robert Lee, Jr., Ionia, MI, pro se.

Debra M. Gagliardi, Asst. Atty. Gen., Michigan Dept. of Attorney General, Habeas Corpus Div., Lansing, MI, for Respondent.

## OPINION

DUGGAN, District Judge.

Robert Lee, Jr. ("petitioner"), presently confined at the Michigan Reformatory in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges the Michigan Parole Board's refusal to grant him parole on his 1984 conviction for third degree criminal sexual conduct ("CSC3") and on his 1994 convictions for gross indecency and prisoner in possession of contraband. For the reasons stated below, petitioner's application for writ of habeas corpus shall be denied.

## Background

The facts of this case are not in dispute. Petitioner was convicted of CSC3 in the Detroit Recorder's Court in 1984 and received a sentence of eight (8) to fifteen (15) years in prison. Petitioner states in his petition that the minimum sentence expired on his CSC3 conviction on November 7, 1990. Petitioner first appeared before the Michigan Parole Board ("the Board") for parole consideration on January 18, 1990. The Board denied parole to petitioner, citing his criminal history, the nature of the crime, his prison adjustment, the insufficient progress of his therapy, and petitioner's high risk status as their reasons for denial. Petitioner appeared before the Board for parole consideration each year thereafter and was continually denied parole for essentially the same reasons as stated above until 1996.[2]

While incarcerated, petitioner was convicted of gross indecency and being in possession of contraband. Petitioner was sentenced respectively on August 4, 1994 and February 13, 1995 to serve one (1) to five (5) years in prison, the sentences to run consecutively to his original CSC3 conviction. Petitioner states in his petition that the minimum sentences on these two convictions expired on April 6, 1996.

Beginning in 1996, the Board began denying parole to petitioner on the ground that it lacked reasonable assurance that petitioner would not become a menace to society or the public safety. Petitioner was denied parole for this reason by the Board both in 1996 and 1998. On both occasions, the Board gave recommenda-

2. *See* Appendix 2 attached to petitioner's brief, Exhibits 1–6.

tions to petitioner that might facilitate his release, including the avoidance of situations that might result in misconduct citations and continued involvement in group therapy. The Board also urged petitioner to identify and develop community resources to address his special needs that had been identified through group therapy. In bold letters, the Board's notice of action indicated that completion of these actions did not guarantee a positive action.[3]

After the 1996 denial of his parole, petitioner filed a petition for writ of habeas corpus with the Jackson County Circuit Court, which was denied on February 18, 1997. *Lee v. Michigan Dep't of Corrections,* No. 97–78927–FH (Jackson Co. Cir. Ct. Feb. 18, 1997). Petitioner thereafter renewed his complaint for writ of habeas corpus with the Michigan Court of Appeals. The Michigan Court of Appeals denied the complaint. *Lee v. Michigan Dep't of Corrections,* No. 201955 (Mich.Ct. App. Nov. 5, 1997). Thereafter, the Michigan Supreme Court denied petitioner leave to appeal from the denial. *Lee v. Michigan Dept. of Corrections,* 586 N.W.2d 88 (1998).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. THE PAROLE GRANTING PROVISION OF M.C.L. § 791.233(1)(a) AND (d) MANDATING THAT A PRISONER SHALL NOT BE GIVEN HIS LIBERTY ON PAROLE UNTIL THE BOARD HAS REASONABLE ASSURANCE A PRISONER WILL NOT BECOME A MENACE TO SOCIETY OR TO THE PUBLIC SAFETY VIOLATE THE 14TH AMENDMENT TO THE U.S. CONSTITUTION WHERE THE STATUTE LACKS A STANDARD DEFINING THE TERMS "REASONABLE ASSURANCE" AND "MENACE TO SOCIETY" AND "SATISFACTORY EVIDENCE"

II. THE PAROLE GUIDELINE PROVISION OF M.C.L. § 791.233e IM-

PERMISSIBLY GRANTS THE PAROLE BOARD POWER TO FIX A DEFINITE TERM OF IMPRISONMENT ABOVE AND BEYOND THE MINIMUM TERMS IMPOSED BY THE STATE COURT IN CONTRAVENTION OF THE JUDICIAL BRANCH'S EXCLUSIVE POWER TO FIX A MINIMUM SENTENCE AND THE LEGISLATURE'S POWER TO PROVIDE FOR INDETERMINATE SENTENCES AS PUNISHMENT FOR CRIME AND FOR THE DETENTION AND RELEASE OF PERSONS IMPRISONED OR DETAINED UNDER SUCH SENTENCES IN VIOLATION OF THE SEPARATION AND JUDICIAL POWER PROVISIONS OF THE U.S. CONSTITUTION

### Discussion

Petitioner is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In order to demonstrate that he is entitled to habeas corpus relief, petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. For the reasons set forth below, this Court determines that petitioner is not entitled to a writ of habeas corpus.

*Denial of Parole*

Because petitioner's two claims are interrelated, this Court will consolidate them for purposes of judicial economy and discuss them together. Petitioner contends that the Michigan parole statute lacks a standard defining the terms "reasonable assurance," "menace to society," and "satisfactory evidence." Petitioner also contends that the statute impermissibly allows the Board to extend his minimum sentence. When petitioner's claims are distilled, however, he is essentially contending that the State of Michigan wrongfully denied him parole.

The relevant portions of Michigan Compiled Laws § 791.233 state the following:

---

3. Appendix 2, Exhibit 7.

(1) The grant of a parole is subject to all of the following:

(a) A prisoner shall not be given liberty on parole until the board has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety.

\* \* \* \* \* \*

(e) A prisoner shall not be released on parole until the parole board has satisfactory evidence that arrangements have been made for such honorable and useful employment as the prisoner is capable of performing, for the prisoner's education, or for the prisoner's care if the prisoner is mentally or physically ill or incapacitated.

MICH.COMP.LAWS § 791.233.

### A. *Standard of Review*

■ Where a state prisoner is not entitled to mandatory parole, a federal district court, upon a habeas petition, reviews a parole board's decision for an abuse of discretion, asking whether the board's action resulted in an abridgement of a prisoner's constitutional rights. *Wildermuth v. Furlong,* 147 F.3d 1234, 1236 (10th Cir. 1998). Federal courts should be particularly deferential to the informed discretion of state corrections officials in parole matters. *Van Zant v. Florida Parole Comm'n,* 104 F.3d 325, 328 (11th Cir.1997) (internal citations omitted).

### B. *Petitioner's Substantive Claims*

1. Petitioner has no constitutional right to be released on parole.

■ There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *see also Board of Pardons v. Allen,* 482 U.S. 369, 377 n. 8, 107 S.Ct. 2415, 2420 n. 8, 96 L.Ed.2d 303 (1987) (holding that a state has no duty to establish a parole system or to provide parole for all categories of convicted persons and the state may place conditions on parole release). Stated more succinctly, there is no federal constitutional right to parole. *Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir.1990).

■ The denial of parole and the continued incarceration of a prisoner does not therefore constitute a violation of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. *Lustgarden v. Gunter,* 966 F.2d 552, 555 (10th Cir.1992), *cert. denied,* 506 U.S. 1008, 113 S.Ct. 624, 121 L.Ed.2d 556 (1992); *see also Nedea v. Voinovich,* 994 F.Supp. 910, 918 (N.D.Ohio 1998). Therefore, requiring a prisoner to serve even his maximum sentence works no constitutional violation upon an inmate. *Nedea,* 994 F.Supp. at 919 n. 20 (citing *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).

■ In Michigan, a prisoner's release on parole is discretionary with the parole board. *In Re Parole of Johnson,* 235 Mich.App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing MICH.COMP.LAWS §§ 791.234(6)(d) and 791.234(7)). The Michigan parole statute therefore does not create a right to be paroled. *Hurst v. Department of Corrections Parole Bd.,* 119 Mich.App. 25, 29, 325 N.W.2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a defendant does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry,* 844 F.Supp. 1167, 1171 (E.D.Mich.1994) (Gilmore, J.); *Hurst,* 119 Mich.App. at 28, 325 N.W.2d 615. The Sixth Circuit has held that Michigan Compiled Laws § 791.233 does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *Janiskee v. Michigan Dep't of Corrections,* 932 F.2d 968, No. 91–1103, 1991 WL 76181, at *1 (citing *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506).

Because petitioner has no federal constitutional right to be paroled, the Board's decision to deny him parole does not violate a federal constitutional right. Moreover, even if Michigan's parole statute may have created a "protectible expectation of parole," *Canales,* 844 F.Supp. at 1171, no more procedural due process is constitutionally required than giving petitioner the opportunity to be heard, and when parole is denied, informing the inmate in what respect he or she falls short of qualifying for parole. *Id.* In the present case, petitioner has been given an opportunity to be heard prior to every parole decision and has been given reasons each time by the Board why he has fallen short of qualifying for parole and what corrective steps that he will need to take in order to put himself in a better position for parole consideration. This Court concludes that the Board's decision to deny petitioner parole did not violate his due process rights.

2. The Michigan parole statute is not void for vagueness.

Petitioner also claims that the provisions of Michigan Compiled Laws § 791.233 are vague because the statute does not give any definition to the terms "reasonable assurance," "menace to society or the public safety," or "satisfactory evidence" of gainful employment.

To ensure that a state-created parole system "serves the public-interest purposes of rehabilitation and deterrence," a state may be "specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz,* 442 U.S. at 8, 99 S.Ct. at 2104. If a state chooses to create a system of parole, federal courts should allow a state's parole authorities "a wide range for experimentation and the exercise of discretion." *Vann v. Angelone,* 73 F.3d 519, 521 (4th Cir.1996) (quoting *Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir.1977) (en banc), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978)).

The Ninth Circuit recently rejected a similar challenge to a Nevada statute that required the parole board to certify that certain sex offenders were not a menace to the health, safety, or morals of others prior to parole eligibility. *Glauner v. Miller,* 184 F.3d 1053, 1054–55 (9th Cir.1999). The Ninth Circuit reasoned that the Nevada statute was not impermissibly vague and thus did not violate due process because the statute was not penal in nature, but merely provided an evaluation standard for a pre-parole hearing panel to follow. The Ninth Circuit further held that the statute was not overbroad in light of the parole board's broad discretion. *Id.*

Similarly, the Eighth Circuit ruled that an inmate's substantive due process rights were not violated by the Minnesota Corrections Board conditioning the consideration of his parole upon a future finding by the prison staff that he was no longer a danger to the public in general or to young females in particular. *Bailey v. Gardebring,* 940 F.2d 1150, 1157 (8th Cir.1991); *cert. denied sub nom Bailey v. Noot,* 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992); *see also Higgason v. Duckworth,* 573 F.Supp. 669, 670 (N.D.Ind.1983) (finding no violation of due process in using the "best interests of society" as a reason for denying a habeas petitioner's release on parole).

In the present case, this Court is satisfied that the terms contained in § 791.233 are not impermissibly vague because the statute is not penal in nature but is designed instead to give the Michigan Parole Board guidance in determining whom to release on parole. *Glauner,* 184 F.3d at 1054–55. In light of the broad discretion vested in the Michigan Parole Board, this Court further concludes that the statute is not void for being overbroad *Id.*

3. The Board did not violate petitioner's constitutional rights by extending his sentence.

Petitioner lastly contends that the statute impermissibly allows the Michigan Parole Board to extend his minimum sen-

tence. However, the Board is not extending petitioner's minimum sentence merely by requiring him to potentially serve his entire sentence. Further, the Michigan indeterminate sentencing statute, Michigan Compiled Laws § 769.8(1), indicates that a court, in imposing a prison sentence, shall fix a minimum and maximum term of imprisonment. In the present case, petitioner's maximum sentence on his CSC3 conviction was fifteen years and the maximum sentence on his gross indecency and possession of contraband convictions was a five-year sentence to be served consecutively to the CSC3 conviction. Because petitioner has no federal constitutional right to be paroled prior to the expiration of his valid sentence, *Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2104; *Gavin*, 914 F.2d at 98, the Board's denial of parole and its consequence that petitioner serve a sentence beyond his minimum sentence is not a violation of petitioner's federal constitutional rights. *Nedea v. Voinovich*, 994 F.Supp. at 918–919.

### Conclusion

Petitioner has failed to demonstrate that the Board's decision to deny him parole violated a right protected by the United States Constitution. Petitioner has further failed to demonstrate that the decisions by the Michigan Court of Appeals and the Michigan Supreme Court to uphold the Board's decision to deny him parole are in violation of the Constitution, laws, or treaties of the United States. Accordingly, petitioner has failed to demonstrate his entitlement to the issuance of a writ of habeas corpus. 28 U.S.C. § 2241.

For the reasons stated, this Court concludes that petitioner is not entitled to federal habeas relief on the claims presented. Accordingly, petitioner's request for federal habeas relief shall be denied.

A Judgment consistent with this Opinion shall issue forthwith.