**Jerry Dempsey MCINTYRE,
Plaintiff—Appellant,**

v.

**Robert BAYER, Defendant—Appellee.**

No. 01–55169.

United States Court of Appeals,
Ninth Circuit.

Submission Deferred Nov. 7, 2002.

Submitted Nov. 7, 2002.*

Submission Deferred Nov. 14, 2002.

Resubmitted Aug. 7, 2003.

Decided Aug. 13, 2003.

Before: STAPLETON,**
O'SCANNLAIN, and FERNANDEZ,
Circuit Judges.

MEMORANDUM ***

Jerry Dempsey McIntyre appeals from the district court's grant of summary judgment to defendant on his claim that Nevada Revised Statute § 209.463 unconstitutionally authorizes deprivation of McIntyre's property without due process of law.[1] The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

I

Section 209.463(1)(a)(1) of the Nevada Revised Statutes authorizes the director of the Nevada Department of Prisons ("NDOP") to "make ... deductions from the wages earned by an offender from any source during his incarceration ... for deposit with the state treasurer for credit to the fund for the compensation of victims of crime."

In order to state a due process claim, McIntyre must first allege that he has "a liberty or property interest protected by the constitution." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir.2000). We have noted, however, that prisoners do not have a constitutional right to prison employment. *See Vignolo v. Miller*, 120 F.3d

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We resolve McIntyre's takings claim in a published opinion filed this date.

1075, 1077 (9th Cir.1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094–95 (9th Cir.1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985). Because McIntyre has no right to a prison job, he similarly has no right to earn wages from such a job. *See Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir.1986) ("There is no constitutional right to prison wages and any such compensation is by the grace of the state.").

## A

Even assuming, *arguendo*, that McIntyre has a protected interest in the wages from his prison job, he still has failed to make out a due process violation. The Due Process clause confers both procedural and substantive rights. *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). A legislative act that neither utilizes a suspect classification nor draws distinctions among individuals that implicate fundamental rights will violate substantive due process rights when it is shown that the action is not "rationally related to a legitimate governmental purpose." *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997). Prisoners are not a suspect class, *see Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir.1999), and Nev.Rev.Stat. § 209.463(1)(a)(1) is rationally related to the legitimate governmental purposes of compensating victims of crime and maintaining a fund for the accomplishment of that end. *See* Nev.Rev.Stat. § 217.260 (1995); *see also Richardson*, 124 F.3d at 1162 ("In a substantive due process challenge, we do not require that the City's legislative acts actually advance its stated purposes, but instead look to whether the governmental body *could* have had no legitimate reason for its decision.") (Internal quotation marks omitted).

## B

McIntyre's procedural due process claim must fail because, as the district court correctly noted, the violation of which he complains is effected by a valid act of the Nevada state legislature. Thus, the legislative process satisfies the requirements of procedural due process. *See Halverson v. Skagit County*, 42 F.3d 1257, 1260–61 (9th Cir.1994) (holding that "governmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and a hearing; general notice as provided by law is sufficient") and *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 957 (9th Cir.1991), *vacated on other grounds*, 506 U.S. 802, 113 S.Ct. 31, 121 L.Ed.2d 4 (1992), *on remand* 987 F.2d 662 (9th Cir.1993) ("When the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law.").

AFFIRMED.