**William B. KISSANE, Petitioner–Appellant,**

v.

**Kurt JONES, Warden, Respondent–Appellee.**

No. 03–1954.

United States Court of Appeals, Sixth Circuit.

March 11, 2004.

William B. Kissane, Carson City Correctional Facility, Carson City, MI, for Petitioner–Appellant.

William C. Campbell, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

William B. Kissane, a Michigan state prisoner, appeals pro se the district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.

§ 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kissane was convicted of kidnapping and armed robbery following a 1981 jury trial, and was sentenced to life imprisonment. In 2002, the Michigan Parole Board deferred his next parole consideration until 2007. This petition was then filed, arguing that prisoners with life sentences in Michigan are denied equal protection by the Parole Board because they are not given a parole guideline score, entitled to a representative at their parole hearings, or given a statement of reasons for denying parole. Also, parole hearings are held every five years rather than every two. Respondent waived any argument that the petition was barred as successive or should be dismissed for failure to exhaust state court remedies. Instead, respondent argued that Kissane's claim was meritless. The district court agreed and denied the petition. The same claim is presented in Kissane's brief on appeal.

Upon review, we conclude that the denial of this petition must be affirmed for the reasons stated by the district court. First, the district court properly pointed out that, to the extent the petition claims that the Parole Board violates state law in its treatment of prisoners serving life sentences. it fails to state a basis for federal habeas corpus relief. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Kissane also cannot claim that he has been denied due process in his parole procedures. *Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994). Kissane concedes that he is not attempting to raise either of these arguments, but only a claim of an equal protection violation.

Prisoners are not a suspect class, *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998), and states may properly categorize prisoners according to the type of offense they committed. *Hendking v. Smith,* 781 F.2d 850, 851–52 (11th Cir. 1986). Furthermore, there is no constitutional right to parole. *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). Because neither a suspect class nor a constitutional right is involved in this claim, the different treatment of prisoners serving life sentences from that of prisoners serving a term of years need only satisfy the rational basis test. *City of Cleburne, Texas v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Glauner v. Miller,* 184 F.3d 1053, 1054 (9th Cir.1999); *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997). The difference in parole procedures applicable to prisoners serving life sentences survives the rational basis test because such prisoners are less likely to be paroled, as the sentencing judge determined that they deserved a harsher sentence than a term of years. Therefore, Kissane's equal protection argument is without merit.

For the above reasons, the district court's judgment denying this petition for habeas corpus relief is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.