HURST v DEPARTMENT OF CORRECTIONS, PAROLE BOARD

Docket No. 61679. Submitted May 4, 1982, at Detroit.—Decided August 25, 1982.

Lee F. Hurst was convicted, on his plea of guilty, of attempted murder and was sentenced to prison. While in prison, Hurst conducted himself in an exemplary manner and was recommended for early parole. An evidentiary hearing was held and the hearing officer recommended that parole be denied. The parole board thereafter denied Hurst's application for early parole. Hurst sought review of the determination in Ingham Circuit Court. The court, Thomas L. Brown, J., granted the parole board an accelerated judgment. The plaintiff appeals alleging that (1) he has a legal right to parole and only the sentencing judge can approve or disapprove his request for special parole and (2) that the circuit court erred in finding that it lacked jurisdiction because the parole hearing was not a contested case under the Administrative Procedures Act. *Held:*

1. Hurst has no constitutionally protected interest in an early parole. The statute on parole only creates an expectation or hope of early parole. The statute allows for early parole prior to the expiration of the minimum sentence only if the sentencing judge approves of the early release. The time of a person's release on parole should be granted solely upon the initiative of the parole board. If the board decides that an early parole is appropriate, it must receive the sentencing judge's approval prior to releasing the inmate. The statute does not allow a sentencing judge to overrule the board's decision to refuse an inmate's request for an early parole.

2. The parole board's hearing concerning whether an inmate will be given an early parole is not a contested case and the plaintiff does not have a right to judicial review of the board's refusal to grant him an early parole.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 59 Am Jur 2d, Pardon and Parole § 79.
[2] 59 Am Jur 2d, Pardon and Parole § 84.
[3] 73 Am Jur 2d, Statutes § 194.
[4] 2 Am Jur 2d, Administrative Law § 204.

1. PAROLE — CONSTITUTIONAL LAW.

There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence; the natural desire of an individual to be released is indistinguishable from the initial resistance to being confined, but a conviction, with all its procedural safeguards, extinguishes that liberty right; given a valid conviction, the criminal defendant is constitutionally deprived of his liberty.

2. PAROLE — EARLY PAROLE.

The Michigan statute providing for early parole creates only an expectation or hope of an early parole, not a right to parole; the statute provides that parole should not be granted to a prisoner until the prisoner has served the minimum term imposed by the court, less allowance for good time or special good time; the statute provides for an early parole prior to the expiration of the minimum sentence if the sentencing judge approves the early release (MCL 791.233; MSA 28.2303).

3. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute is precluded where the language of the statute is plain and unambiguous.

4. ADMINISTRATIVE LAW — CONTESTED CASES.

A contested case under the Administrative Procedures Act means a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing; where a hearing is held before an agency and an appeal from its decision is taken to another agency, the hearing and the appeal are deemed to be a continuous proceeding as though before a single agency (MCL 24.203[3]; MSA 3.560[103]).

Lee F. Hurst, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Paula G. Humphries,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

M. J. KELLY, P.J. Plaintiff, Lee F. Hurst, appeals

the circuit court's order granting accelerated judgment, GCR 1963, 116.1(2), to defendant, Department of Corrections, Parole Board (parole board).

In February, 1979, plaintiff pled guilty to attempted murder, MCL 750.91; MSA 28.286, and was sentenced to between 7 and 15 years imprisonment. While in prison, plaintiff conducted himself in an exemplary manner and was recommended for early parole in 1980.

An evidentiary hearing was held and after setting forth certain details of plaintiff's involvement in the offense, the hearing officer recommended that parole be denied. On November 7, 1980, the full parole board denied plaintiff's application for early parole citing the nature of the crime as the reason for denying his request.

Plaintiff, citing the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* (APA), sought review of the parole board's decision in Ingham County Circuit Court. Defendant filed a motion for accelerated judgment which the court granted. According to the court, plaintiff did not have a right to early parole. Furthermore, the court found that the decision of the parole board did not arise out of a contested case and therefore the court lacked jurisdiction. Plaintiff appeals as of right, GCR 1963, 806.1.

Initially, plaintiff argues that he has a legal right to parole and that only the sentencing judge can approve or disapprove his request for special parole.

In *Greenholtz v Nebraska Penal Inmates,* 442 US 1; 69 S Ct 2100; 60 L Ed 2d 668 (1979), the Supreme Court addressed the issue of whether the Due Process Clause of the Fourteenth Amendment applied to discretionary parole-release determinations. After noting that the Due Process Clause

applied where governmental action deprived a person of liberty or property, the Court stated:

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.' *Meachum v Fano,* 427 US 215, 224; 96 S Ct 2532; 49 L Ed 2d 451 (1976)." *Id.,* 7.

The Court also analyzed the inmates' argument that whenever a state provides for the possibility of parole, a constitutionally protected interest in a parole determination exists. Rejecting the inmates' argument that their interest in a parole release was the same as a paroled prisoner's interest in a parole revocation, the Court held that when a state develops a parole program it provides no more than a mere hope that the benefits will be obtained and that this hope is not protected by the Due Process Clause. *Id.,* 8-11. The Court did, however, recognize that the state parole law itself could create a protected interest but cautioned that each state's statute must be examined to determine if it created a constitutionally protected interest. *Id.,* 12. The Court went on to examine the procedure used to grant Nebraska inmates parole finding it met the due process required for the interest the statute created. *Id.,* 16.

In the present case, Hurst has no constitutionally protected interest in an early parole. As in *Greenholtz,* the early parole provision of the Michigan parole statute, MCL 791.233(1)(b); MSA 28.2303(1)(b), only creates an expectation or hope

of an early parole. Furthermore, the statute itself does not create a right to parole. MCL 791.233; MSA 28.2303 states that "a parole shall not be granted to a prisoner until the prisoner has served the minimum term imposed by the court less allowances for good time or special good time * * *". The statute also allows for early parole prior to the expiration of the minimum sentence if the sentencing judge approves the early release. MCL 791.233(1)(b); MSA 28.2303(1)(b). Unlike the Nebraska statute which stated that the parole board shall release a prisoner unless certain factors were present, the Michigan statute stated that the prisoner shall not be released until his minimum term of imprisonment has been served. Even though the statute does allow an early parole, this is an exception to the minimum term provision and creates only a hope of early release. Therefore, neither the constitution nor the parole statute creates a right to parole for inmates.

Plaintiff also claims that only the sentencing judge can determine if he should be given an early parole. In support of his contention, plaintiff cites MCL 791.233(1)(b); MSA 28.2303(1)(b) which requires the sentencing judge's approval of an early parole. However, plaintiff ignores the language in MCL 791.235; MSA 28.2305, which states that the time of a person's release on parole shall be granted solely upon the initiative of the parole board. Where a statute is unambiguous, judicial construction is precluded. *People v Kubasiak,* 98 Mich App 529, 533; 296 NW2d 298 (1980), *lv den* 409 Mich 948 (1980). The statute establishes a procedure for granting an inmate an early parole. It requires that the parole board determine whether the inmate should be granted the early parole. If the board decides that an early parole is appropriate, it must receive the sentencing judge's

approval prior to releasing defendant. The statute does not allow a sentencing judge to overrule the board's decision to refuse an inmate's request for an early parole.

Finally, plaintiff argues that the trial court erred when it found that it lacked jurisdiction in this case because the parole hearing was not a contested case under the APA. MCL 24.301; MSA 3.560(201) allows a person to seek judicial review of an agency's final decision or order arising out of a contested case. A contested case is defined as:

" 'Contested case' means a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing. When a hearing is held before an agency and an appeal from its decision is taken to another agency, the hearing and the appeal are deemed to be a continuous proceeding as though before a single agency." MCL 24.203(3); MSA 3.560(103)(3).

On these facts, plaintiff cannot demonstrate that he has a legal right or privilege to an early parole. Nor does the parole board have a duty to grant plaintiff an early parole. Furthermore, the provision of MCL 791.235; MSA 28.2305, which requires that the inmate be brought before the parole board with all pertinent information with regard to the inmate, does not require an evidentiary hearing. There are no provisions for the presentation of evidence by the inmate nor does the statute require that he be given an opportunity to cross-examine witnesses or question exhibits. Therefore, the parole board's hearing concerning whether an inmate will be given an early parole is not a contested case and plaintiff does not have a right

to judicial review of the board's refusal to grant
him an early parole.

The trial court's grant of accelerated judgment
because it lacked jurisdiction is affirmed.