**Sylvester GAVIN, Petitioner–Appellant,**

v.

**H. Gary WELLS, Respondent–Appellee.**

**No. 87–1864.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 1990.

Sylvester Gavin, Muskegon, Mich., pro se.

Edgar L. Church, Jr., Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondent-appellee.

Before MILBURN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

BOGGS, Circuit Judge.

This case is before the court on remand from the Supreme Court of the United States. —— U.S. ——, 109 S.Ct. 2425, 104 L.Ed.2d 983. This court originally affirmed the district court's denial of Gavin's

habeas corpus petition, which attacked judgments of conviction in 1955 for breaking and entering and in 1970 for first degree murder. He is presently incarcerated for the 1970 conviction. The Supreme Court remanded for us to consider the case in light of its opinion in *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). We have reviewed that decision and received supplemental briefs of the parties.

■ Gavin raises three primary contentions on appeal, none of which has merit in light of *Maleng.* First, he asserts that his 1955 conviction violated the United States Constitution. This conviction, however, was fully served prior to Gavin's filing of this habeas corpus petition. We therefore have no jurisdiction to consider this argument. *Maleng,* 109 S.Ct. at 1926.

■ Second, Gavin suggests that his 1955 conviction enhanced the sentence imposed for his 1970 first degree murder conviction. We disagree. Michigan law applicable to Gavin's first degree murder conviction provided for a *mandatory* sentence of life imprisonment. MCL 750.316. Given the mandatory nature of the 1970 sentence, his 1955 conviction cannot in any sense have "enhanced" this sentence.

Only an actual enhancement of the 1970 sentence based on the 1955 conviction would implicate the question left unanswered in *Maleng:* "the extent to which [an earlier] conviction ... may be subject to challenge in the attack upon [later] sentences which it was used to enhance." 109 S.Ct. at 1927. Accordingly, Gavin may not attack the 1970 conviction for which he is presently incarcerated by means of a challenge to the 1955 conviction. *See Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir. 1990).

■ Third, Gavin asserts that the parole board's consideration of his allegedly invalid 1955 conviction resulted in the assignment of a discretionary parole review date five years later than would have been assigned without consideration of his con-

viction.[1] It is clear that state prisoners have no federal constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979). At most, Gavin asserts that the state parole board violated a *state* procedural rule in considering his allegedly invalid 1955 conviction, a claim that does not rise to federal constitutional proportions. *See Wallace v. Turner,* 695 F.2d 545, 549 (11th Cir.1983). Thus, we AFFIRM the decision of the district court dismissing Gavin's petition for a writ of habeas corpus.

---

1. Technically, this review is not for the purpose of granting parole, but rather is a review for the

purpose of deciding whether to recommend to the Governor that he commute the sentence.