16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Henry D. JOHNSON, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 93-1943.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Henry D. Johnson, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. A certificate of probable cause was granted by the district court, as well as leave to proceed in forma pauperis, by its order entered August 4, 1993. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February of 1964, the petitioner, at the age of seventeen, pled guilty to the offense of breaking and entering and was sentenced to four years of probation, with the first year of his probation to be spent in Camp Pugsley in northern Michigan, under the direction and custody of the Department of Corrections. Subsequently, Johnson was found to have violated this probation; the trial court then sentenced him to two to ten years in prison. Johnson was later convicted of two more felonies, in 1967 and in 1968, based on guilty pleas. Johnson is currently incarcerated by virtue of a 1986 jury conviction for possession with intent to deliver heroin, in violation of state law.
 
 
 3
 In his habeas petition, Johnson has attacked his 1964 conviction on the basis that he did not knowingly and intelligently waive counsel, and, thus, the guilty plea was invalid. His argument is that, at the time of his guilty plea, he was seventeen years old and was not "fully aware of the meaning of his answers" to the judge's questions about waiving his various rights. Johnson contends that he is now entitled to habeas relief from his current incarceration for the 1986 conviction, because the alleged invalid 1964 conviction was used to support a habitual offender charge under Michigan law. See Mich.Comp.Laws Sec. 769.10.
 
 
 4
 The matter was referred to a magistrate judge, who determined that the district court lacked statutory authority and jurisdiction to review this petition, because Johnson was no longer "in custody" for the 1964 conviction but, rather was serving a sentence on a later conviction. The magistrate judge relied on the Supreme Court holding in Maleng v. Cook, 490 U.S. 488 (1989) (per curiam). After reviewing this report and recommendation, as well as the petitioner's objections to that report, the district court adopted the report in its entirety, concurring in the magistrate judge's finding that Johnson was no longer in custody on the basis of his 1964 conviction at the time his current petition was filed, as required for review of habeas petitions under 28 U.S.C. Sec. 2254(a). The district court dismissed the petition by judgment entered June 10, 1993.
 
 
 5
 On appeal, Johnson argues that when an allegedly unconstitutional conviction is used as a foundation for a later habitual offender conviction, a petitioner is "in custody" for purposes of reviewing a claim for habeas corpus relief. Johnson has also filed a motion for in forma pauperis status and for the appointment of counsel on appeal.
 
 
 6
 Upon review, this court concludes that the district court properly dismissed the case for lack of jurisdiction over Johnson's petition. A habeas petitioner is not "in custody" to meet the requirement under 28 U.S.C. Sec. 2254(a), for purposes of reviewing the habeas petition, when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng, 490 U.S. at 491; Carafas v. LaValle, 391 U.S. 234, 238 (1968). Moreover, because the record shows that Johnson's sentence was not actually enhanced because of a fourth habitual offender offense, Johnson may not attack his current 1986 conviction for which he is presently incarcerated by means of a challenge to the prior 1964 conviction. See Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990). Lastly, Johnson's motion to proceed in forma pauperis, on appeal, has been rendered moot by the district court's order granting that status.
 
 
 7
 Accordingly, Johnson's motions for in forma pauperis status and for the appointment of counsel are hereby denied, and the district court's order dismissing his petition for lack of jurisdiction is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.