30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcus SIMPSON, Petitioner-Appellant,
v.
STATE of Ohio, Respondent-Appellee.
 No. 94-3180.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Marcus Simpson, a pro se Ohio resident, appeals a district court judgment dismissing his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that it will not be filing a brief.
 
 
 3
 Following a bench trial in 1984, Simpson was found guilty of aggravated robbery and was sentenced to five to twenty-five years of imprisonment. The conviction was affirmed on appeal and in subsequent collateral proceedings by Ohio's appellate courts.
 
 
 4
 Simpson was unconditionally released from prison on September 15, 1988. On November 30, 1993, Simpson filed his petition for habeas relief essentially contending that he was convicted of a charge that was not contained in his indictment and that the trial court's judgment was not supported by the evidence. The district court dismissed the petition for lack of jurisdiction because Simpson was no longer "in custody" for the purposes of 28 U.S.C. Sec. 2254(a).
 
 
 5
 In his timely appeal, Simpson continues to argue the merits of his petition. He also argues that the collateral consequences of his conviction give the district court jurisdiction. He requests oral argument.
 
 
 6
 Upon review, we affirm the district court's judgment because the district court was without jurisdiction to entertain Simpson's petition. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990). Federal courts have jurisdiction to entertain petitions for habeas relief only when the petitioner is in custody in violation of the Constitution or laws of the United States. Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam). This court has held that a district court has no jurisdiction to consider a habeas petition attacking a conviction or sentence that expired prior to the filing of the petition. Gavin, 914 F.2d at 98. The existence of collateral consequences is relevant to the issue of mootness, not to the issue of custody. See Maleng, 490 U.S. at 491-92.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation