Hardy L. WILSON, Petitioner–
Appellant,

v.

Dennis STRAUB, Respondent–Appellee.

No. 00–2049.

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

· Hardy L. Wilson, a Michigan prisoner proceeding pro se, appeals a district court order and judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson was convicted of unarmed robbery following a bench trial. He was sentenced on December 19, 1986, to 6–15 years in prison. This sentence was im-

* The Honorable Gordon J. Quist, United States District Judge for the Western District of    Michigan, sitting by designation.

posed to be served concurrently to a 20–50 year sentence for an unrelated armed robbery conviction. The Michigan Court of Appeals affirmed Wilson's conviction on March 24, 1989, and the Michigan Supreme Court denied leave to further appeal.

Wilson did not clearly define his grounds for relief in his § 2254 petition, but appeared to argue that the trial court lacked jurisdiction to try him and that evidence seized during a search of his automobile should have been suppressed because officers lacked probable cause for the initial stop. In his petition, Wilson stated that he had already served his sentence for unarmed robbery, the conviction that is the subject of this petition, but that he remains incarcerated on the concurrent 20–50 year sentence. Wilson sought "complete exoneration of this charge and conviction of unarmed robbery." The respondent urged the district court to dismiss Wilson's petition, arguing, *inter alia,* that it was untimely and fell under the concurrent sentence doctrine. Regarding the "in custody" requirement for habeas corpus petitions, the respondent simply stated that Wilson's maximum sentence of 15 years remained viable.

The district court dismissed Wilson's § 2254 petition with prejudice in an opinion and order filed on July 31 and entered on August 1, 2000, after finding the petition to be untimely. A separate judgment was entered the same day. This court initially determined that the district court erred in finding Wilson's petition to be time-barred, but denied a certificate of appealability on the ground that Wilson was no longer in custody pursuant to the challenged conviction and that, therefore, the federal courts lacked jurisdiction over the petition.

Wilson filed a petition for rehearing, claiming that he was, in fact, still in custody pursuant to the 6 to 15-year unarmed robbery conviction at the time he filed his § 2254 petition. Because the record before the court did not definitively resolve the "in custody" issue, and in light of the respondent's previous conclusory statement that Wilson's maximum sentence for the challenged conviction remained viable, a panel of this court granted in part Wilson's petition for rehearing and issued a certificate of appealability on the sole question of whether Wilson was in custody within the meaning of § 2254 at the time he filed his federal habeas corpus petition.

In his brief on appeal, Wilson continues to assert that he was in custody pursuant to the challenged conviction and also requests this court to expand its review to include the substantive grounds for relief presented in his § 2254 petition. In lieu of a brief, the appellee filed a motion to dismiss the appeal, conceding that Wilson was in custody pursuant to the challenged unarmed robbery conviction at the time he filed his habeas corpus petition but asserting that the appeal should, nonetheless, be dismissed pursuant to the concurrent sentencing doctrine. Wilson has filed a response opposing the motion to dismiss.

Upon review, we deny the motion to dismiss and the request to expand review. We vacate the district court's judgment and remand the case for consideration on the merits.

Initially, we deny the respondent's motion to dismiss. Pursuant to local rule, motions to dismiss on grounds other than lack of jurisdiction may not be filed in this court. Rule 27(e)(1), Rules of the Sixth Circuit. The respondent's motion in this case, which discusses the merits of the appeal, is tantamount to a motion to affirm, which is prohibited. Rule 27(e)(3), Rules of the Sixth Circuit.

This court reviews the district court's legal conclusions regarding a habeas corpus petition under § 2254 *de novo. Doan*

**456**

*v. Brigano,* 237 F.3d 722, 729 (6th Cir. 2001). In considering Wilson's application for a certificate of appealability, this court has already determined that the district court's dismissal of the petition as time-barred was erroneous.

■ An applicant for habeas corpus relief must be "in custody" when the § 2254 petition is filed in order to vest the district court with jurisdiction over his petition. 28 U.S.C. § 2254(a); *Garlotte v. Fordice,* 515 U.S. 39, 43–44, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995); *Maleng v. Cook,* 490 U.S. 488, 490–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam); *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). One ceases to be in custody after one's sentence has fully expired and there is no showing of present restraint flowing from that conviction. *Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir.1990). The respondent now concedes, and has provided documentation to prove, that Wilson was, in fact, in custody pursuant to the challenged conviction until March 1, 1999. Because Wilson was in custody pursuant to that conviction at the time he filed his § 2254 petition, the federal courts do have jurisdiction over the petition.

We note that the respondent in this case urged the district court to decline review of Wilson's petition pursuant to the concurrent sentence doctrine because Wilson was serving his sentence for the challenged conviction concurrently with a much longer sentence for armed robbery.

■ We do not address the applicability of the concurrent sentence doctrine to Wilson's case because that question is more appropriately considered by the district court on remand. Similarly, we decline Wilson's invitation to expand our review to include the underlying merits of his § 2254 petition. Those issues were not certified for appeal at this time and are more ap-

propriately considered in the first instance by the district court.

Accordingly, the motion to dismiss and the request to expand review are denied. The district court's judgment is vacated and the case is remanded for consideration on the merits. Rule 34(j)(2)(C), Rules of the Sixth Circuit.