**Douglas Lavon MCINTOSH, Petitioner,**

v.

**Raymond BOOKER, Warden Respondent.**

**No. 03–CV–74143–DT.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 15, 2004.

Douglas Lavon McIntosh, Detroit, MI, for Petitioner.

*OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR ORDER TO SHOW CAUSE*

DUGGAN, District Judge.

Petitioner Douglas Lavon McIntosh ("Petitioner"), a state prisoner presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, and a motion for an order to show cause. In his petition, Petitioner challenges the Michigan Parole Board's denial of his release on parole, resulting in his continued confinement. In his one sentence motion for order to show cause, Petitioner moves the Court "for an order to show cause why the relief in [his] petition should [sic] not be granted."

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.; Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970)(district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke,* 178 F.3d 434, 436–37 (6th Cir.1999). After undertaking the review required by Rule 4, the Court concludes that the grounds raised by Petitioner in his petition are meritless, such that the petition must be denied.

Petitioner currently is in the custody of the Michigan Department of Corrections. The Michigan Parole Board ("Parole Board") most recently denied Petitioner parole release in a decision dated September 16, 2003. *See* 2003 Parole Board Notice of Decision, App. to Pet. The Parole Board concluded that denial of parole was warranted as it "lack[ed] reasonable assurance that the prisoner will not become a menace to society or to the public safety

..." *See id.* The Parole Board provided a number of reasons in support of its action including the following: the fact that the assaultive crime involved excessive use of force, the touching with or discharge of a weapon, and resulted in loss of life; the fact that the prisoner has a criminal history of established criminal behavior, felony assaultive crimes, and violent misdemeanors; and that the prisoner has made insufficient progress in psychological programming. *See id.* The Parole Board similarly denied Petitioner parole release in 1999, 2001, and 2002. *See* 1999, 2001, and 2002 Parole Board Notices of Decisions, App. to Pet. Petitioner filed the instant petition in this Court on October 15, 2003.

Petitioner contends that the Parole Board's decisions denying him parole are arbitrary and capricious because the Parole Board utilized similar reasons each year to deny him parole and because those reasons included the fact that a death occurred during his crime even though first-degree murder charges against him had been dismissed.

In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Petitioner's claim that the Parole Board acted arbitrarily, alleges a violation of the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).

■ The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully con-

victed person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *Thompson*, 490 U.S. at 460, 109 S.Ct. at 1908 (citing *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Thompson*, 490 U.S. at 461, 109 S.Ct. at 1909. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id.* at 462, 109 S.Ct. 1904 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)). As the Court further advised:

"A State may do this in a number of ways... the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making ... and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Id.* (citing *Hewitt*, 459 U.S. at 472, 103 S.Ct. at 871). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the de-

cisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.* (quoting *Hewitt,* 459 U.S. at 471–72, 103 S.Ct. at 871–72).

■ Applying these standards, the Michigan Court of Appeals and courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See, e.g., Hurst v. Dept. of Corr. Parole Bd.,* 119 Mich.App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico,* 149 F.Supp.2d 319, 322 (E.D.Mich.2001); *Lee v. Withrow,* 76 F.Supp.2d 789, 792 (E.D.Mich.1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served; but that it *allows* an early parole as an exception to the minimum term provision. *Hurst,* 119 Mich.App. at 29, 325 N.W.2d at 617. While the statute provides factors for the parole board to consider, it does not mandate parole if certain criteria are met. *Id.* Thus the Michigan Court concluded the State's statute "creates only a hope of early release," rather than a right to release. *Id.*

As Petitioner has no protected liberty interest in parole, his challenge to the parole board's decision is not cognizable in a federal habeas corpus petition.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**;

**IT IS FURTHER ORDERED,** that the Motion for Order to Show Cause is **DE-NIED**.