**Michael C. WARD, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

No. 03–1804.

United States Court of Appeals, Sixth Circuit.

March 24, 2004.

Before NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## ORDER

Michael C. Ward appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1981, a Michigan jury convicted Ward of possessing cocaine for intended delivery, a violation of Mich. Comp. Laws § 333.7401. He was sentenced to a term of life imprisonment, and that decision was affirmed on direct appeal.

In 1999, an initial interview was conducted to determine the appropriateness of releasing Ward on parole. On November 5, 1999, he received a Notice of Action which indicated that the parole board did not intend to hold a public hearing in his case at that time. A public hearing is a necessary prerequisite to release on parole in Michigan. Mich. Comp. Laws § 791.234(6)(c).

In his § 2254 petition, Ward primarily alleged that a state judge and a state prosecutor had retaliated against him by filing letters with the parole board which indicated that he should not be released. The district court dismissed the petition on May 20, 2003, and Ward's motion for reconsideration was denied. Ward now appeals, moving for the appointment of counsel and for an order that would remand his case to the district court.

The district court issued a certificate of appealability that was limited to the issue of whether Ward had a constitutionally protected liberty interest in his eligibility for parole. Hence, appellate review is restricted to that issue. *See Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

We review the denial of Ward's § 2254 petition *de novo*, although the district court's factual findings must be affirmed if they are not clearly erroneous. *See id.* at 549.

Ward's claims are unavailing because he does not have an inherent constitutionally created right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir.1990). Moreover, the Michigan parole scheme does not create an expectation regarding parole that is sufficient to trigger a constitutionally protected liberty interest. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 & n. 1 (6th Cir.1994).

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Nevertheless, Ward continues to argue that the parole board violated his constitutional rights by keeping the disputed letters in his file and by refusing to grant him a public hearing. These arguments are unpersuasive because the board's procedural policies are not sufficient to create a protected liberty interest. *See Sweeton,* 27 F.3d at 1164–65; *Gavin,* 914 F.2d at 98. Thus, the district court properly rejected Ward's claims, as he did not have a constitutional right to extensive due process protections regarding his release on parole. *See id.*

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.